1  **WO**                                                                    SVK
2                          NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Matthew Lee Galvan,           )   No. CV 10-0125-PHX-GMS (MHB)
                              )
        Plaintiff,            )
                              )
vs.                           )   **ORDER**
                              )
Joseph M. Arpaio,             )
                              )
        Defendant.            )
                              )
_____)

Plaintiff Matthew Lee Galvan filed this civil rights action under 42 U.S.C. § 1983 against Joseph M. Arpaio, Maricopa County Sheriff. (Doc. 1.) Defendant moves to dismiss on the grounds that (1) Plaintiff failed to exhaust his administrative remedies as to Count II and (2) Plaintiff failed to state a claim in either Count I or Count II. (Doc. 11.) The Certificate of Service indicates that on June 15, 2010, Defendant served Plaintiff by mail at the Maricopa County Sheriff's Office (MCSO)-Fourth Avenue Jail. (Id.) But Plaintiff filed a Notice of Change of Address on February 10, 2010, indicating that his current address is San Luis-AZ-Yuma-Arizona State Prison Complex (ASPC)-Cheyenne in San Luis, Arizona. (Doc. 6.)

The Court issued the notice required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), advising Plaintiff of his obligation to respond and the evidence needed to rebut Defendant's claim, and directing him to respond by July 19, 2010. (Doc. 12.) Plaintiff filed no response.

Because it appears to the Court that Plaintiff may not have received Defendant's Motion to Dismiss, the Court will direct the Clerk of Court to send Plaintiff a copy of the Motion. In addition, the Court will reset the deadlines for Plaintiff's response and Defendant's reply and will reissue the Wyatt notice.

**NOTICE--WARNING TO PLAINTIFF**

*THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

Defendant's Motion to Dismiss seeks to have your case dismissed for failure to exhaust prison administrative remedies as required by 42 U.S.C. § 1997e(a). A motion to dismiss under Rule 12(b) of the Federal Rules of Civil Procedure will, if granted, end your case. When deciding a motion to dismiss for failure to exhaust, the Court may consider evidence beyond your complaint, including sworn declarations and other admissible documentary evidence. Moreover, if Defendant produces admissible evidence demonstrating that you failed to exhaust available administrative remedies, your complaint will be dismissed without prejudice unless your response to Defendant's Motion includes admissible evidence sufficient to show that you exhausted all available administrative remedies or that no administrative remedies were available to you. Types of admissible evidence may include copies of your grievances, grievance responses and sworn declarations.

Additionally, you must comply with the following provisions of Rule 7.2 of the Local Rules of Civil Procedure:

> (e) **Length of Motions and Memoranda.** Unless otherwise permitted by the Court, a motion including its supporting memorandum, and the response including its supporting memorandum, each shall not exceed seventeen (17) pages, exclusive of attachments and any required statement of facts. Unless otherwise permitted by the Court, a reply including its supporting memorandum shall not exceed eleven (11) pages, exclusive of attachments.
>
> . . . .
>
> (i) **Briefs or Memoranda of Law; Effect of Non-Compliance.** If a motion does not conform in all substantial respects with the requirements of this Local Rule, or if the unrepresented party or counsel does not serve and file the required answering memoranda, or if the unrepresented party or counsel fails to appear at the time and place assigned for oral argument, such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.

LRCiv 7.2.

You must timely respond to all motions. The Court may, in its discretion, treat your

failure to respond to Defendant's Motion to Dismiss as a consent to the granting of that Motion without further notice, and judgment may be entered dismissing this action without prejudice pursuant to Rule 7.2(i) of the Local Rules of Civil Procedure. See Brydges v. Lewis, 18 F.3d 651 (9th Cir. 1994) (*per curiam*).

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendant's Motion to Dismiss (Doc. 11).

(2) The Clerk of Court must send Plaintiff a copy of Defendant's Motion to Dismiss (Doc. 11).

(3) Plaintiff must file a response to Defendant's Motion to Dismiss, together with copies of grievances, sworn declarations or other admissible evidence, no later than **October 6, 2010**.

(4) Defendant may file a reply within 15 days after service of Plaintiff's response.

(5) The Motion to Dismiss will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

DATED this 2nd day of September, 2010.

_____
G. Murray Snow
United States District Judge