**WO**                                                                SVK

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew Lee Galvan, | No. CV 10-0125-PHX-GMS (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph M. Arpaio, | |
| Defendant. | |

Plaintiff Matthew Lee Galvan filed this civil rights action under 42 U.S.C. § 1983 against Joseph Arpaio, Maricopa County Sheriff. (Doc. 1.) Defendant moves to dismiss on the grounds that (1) Plaintiff failed to exhaust his administrative remedies as to Count II and (2) Plaintiff failed to state a claim in Counts I or II.[1] (Doc. 11.) The matter is ready for ruling. (Docs. 14, 15.)

The Court will grant the motion in part and deny it in part.

## I.     Background

The Complaint alleged two grounds for relief: (1) Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights were violated by Defendant's policy of feeding inmates insufficient food (Count I); and (2) Plaintiff's Fifth, Eighth, and Fourteenth Amendment rights were violated by Defendant's policy of overcrowding intake/booking areas and

---

[1] The Court sent Plaintiff the notice required by Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003), advising Plaintiff of his obligation to respond and the evidence needed to rebut Defendant's claim. (Doc. 12.) In addition, because it appeared to the Court that Defendant had served Plaintiff at the wrong address, the Court directed the Clerk of Court to send Plaintiff a copy of the Motion to Dismiss. (Doc. 13.)

holding cells (Count II).

The Court construed Plaintiff's claims as brought pursuant to the Eighth and Fourteenth Amendments and directed Defendant to answer or otherwise respond. (Doc. 7.)

Defendant filed a Motion to Dismiss. (Doc. 11.)

**II.    Motion to Dismiss**

    **A.    Legal Standards**

        **1.    Exhaustion of Administrative Remedies**

Under the Prison Litigation Reform Act (PLRA), a prisoner may not bring a lawsuit with respect to prison conditions under § 1983 unless all available administrative remedies are exhausted. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

        **2.    Reconsideration**

Motions for reconsideration should be granted only in rare circumstances. Defenders of Wildlife v. Browner, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Mere disagreement with a previous order is an insufficient basis for reconsideration. See Leong v. Hilton Hotels Corp., 689 F. Supp. 1572, 1573 (D. Haw. 1988). Rather, reconsideration is appropriate only "in the face of the existence of new evidence, an intervening change in the law, or as

- 2 -

necessary to prevent manifest injustice." Navajo Nation v. Confederated Tribes of Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

### B. Parties' Contentions

#### 1. Defendant

Defendant contends that, as to Count II, Plaintiff failed to exhaust his administrative remedies as required by the PLRA, 42 U.S.C. § 1997e(a). (Doc. 11 at 2-6.) In support, Defendant submits the declaration of Sergeant Selethia Down, who is assigned to the Inmate Hearing Unit. (Id., Ex. 1, Down Decl. ¶ 1.) Down attests that her duties include receipt, processing, tracking, and storage of inmate grievances. (Id. ¶ 2.) The grievance procedure at the jail is a multi-tiered system that includes: (1) the initial grievance to the line officer and response; (2) review of the grievance by the shift supervisor and response; (3) review of the grievance and decision by the Bureau Hearing Officer; (4) the Institutional appeal to the Jail Commander; and (5) the External appeal. (Id. ¶ 4; Ex. B.)

She further attests that according to the Sheriff's Office records, Plaintiff filed six grievances, two of which concerned overcrowding. (Id. ¶ 7.) One of those grievances—No. 09-12955—related to the jail intake cells and the other—No. 09-15788—concerned the holding cells at Mesa Superior Court. (Id.) Mesa Superior Court is not a part of the MCSO Jail system, and MCSO is not responsible for the conditions in the holding cells used by the court. (Id. ¶ 8.) As to grievance No. 09-12955, Down attests the Plaintiff did not appeal his request for relief to the highest level; in fact, it was not appealed beyond the level of Bureau Hearing Officer. (Id. ¶ 10.) Also attached to the motion is a copy of the Inmate Grievance Procedure, Policy DJ-3; Rules and Regulations for Inmates; a sample Inmate Grievance Form; grievances and an Index of Grievances filed by Plaintiff; and a copy of the Complaint. (Id., Exs. A-E.)

Defendant also argues that Plaintiff fails to state a claim in Count I or Count II. (Doc. 11 at 8.) Defendant asserts that in Count I, Plaintiff essentially alleges that jail detainees receive two meals a day and that those meals are not pleasing to Plaintiff. Defendant argues that these allegations do not state a constitutional violation. He notes that Plaintiff also

1   alleges that Arpaio "does this to punish the detainees" but that this allegation is a mere
2   conclusion without supporting allegations that show an intent to punish or that the handling
3   of food service in the jails is not simply a means to operate the jails in a manageable way.
4   (Id.) Defendant asserts that Plaintiff has not alleged that Defendant personally participated
5   in the deprivation of Plaintiff's constitutional rights and has not properly alleged any facts
6   showing that his constitutional rights were violated as a result of Defendant's implementation
7   of an official policy. (Id. at 9.)

### 2. Plaintiff

9   Plaintiff submits his response (Doc. 14), including 14 pages of grievances and
10  responses to them. He asserts that he is sending the Court copies of each grievance that he
11  filed relating to anything "that may be crossing the line into violating [his] civil rights." (Id.
12  at 1.) He further asserts that meals consisted of unknown items, that Defendant attempted
13  to charge inmates for food, and then inmates began receiving "slop." (Id. at 2.) Plaintiff also
14  states that the intake cells were the dirtiest places he had ever seen. He concludes by saying
15  that he did what he knew to exhaust administrative remedies. (Id. at 3.)

16  In his Complaint, Plaintiff alleged that he exhausted the claims in Count I regarding
17  the meals and was did not appeal to the highest level as to Count II because the appeal was
18  "still in process." (Doc. 1 at 3, 4.)

### 3. Reply

20  In his reply, Defendant asserts that Plaintiff fails to provide any evidence to rebut
21  Defendant's evidence that Plaintiff did not exhaust administrative remedies. (Doc. 15 at 2.)
22  Defendant contends that Plaintiff merely provides copies of irrelevant grievances, confirming
23  that Plaintiff did not pursue or exhaust the grievance process, and that the response does not
24  address Defendant's arguments that Plaintiff failed to allege a constitutional violation.
25  Plaintiff merely reiterates the conclusory allegations made in his Complaint. (Id.)

### C. Analysis

27  Defendant has met his burden to show that Plaintiff failed to exhaust administrative
28  remedies regarding his claims in Count II—overcrowding in the intake and holding cells.

1 Defendant provides uncontested evidence of an available grievance procedure and that
2 Plaintiff failed to complete the procedure as to this claim, and Plaintiff does not offer
3 evidence to refute.

4 Plaintiff's response to the motion includes several grievances and responses but
5 Plaintiff points to nothing showing that he appealed his grievance about the intake cells
6 beyond the level of the Bureau Hearing Officer. "Judges need not paw over the files without
7 assistance from the parties." Orr v. Bank of America, 285 F.3d 764, 775 (9th Cir. 2002)
8 (quoting Huey v. UPS, Inc., 165 F.3d 1084, 1085 (7th Cir. 1999). And Plaintiff asserted in
9 his Complaint that he was still in the process of exhausting remedies on this claim. The
10 PLRA mandates that an inmate exhaust remedies *before* filing a lawsuit; exhausting remedies
11 during the course of the lawsuit does not comply with the requirement. McKinney v. Carey,
12 311 F.3d 1198, 1120-21 (9th Cir. 2002).

13 Nevertheless, the Court has examined the documents provided by Plaintiff, and,
14 although he includes a grievance dated September 20, 2009, that complains about conditions
15 in the intake cells, there is no Institutional grievance appeal or External appeal. Therefore,
16 Plaintiff has failed to refute Defendant's evidence that Plaintiff did not exhaust his
17 administrative remedies as to the claims in Count II. These claims will be dismissed without
18 prejudice. The court need not consider Defendant's argument that Count II fails to state a
19 claim.

20 The Court will deny the request to dismiss Count I. Defendant argues that Count I
21 fails to state a claim, but the Court has already screened the Complaint pursuant to 28 U.S.C.
22 § 1915A(a), which uses the same standard as Rule 12(b)(6), Resnick v. Hayes, 213 F.3d 443,
23 447 (9th Cir. 2000), and found that Count I states a claim against Defendant. As the United
24 States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to
25 construe *pro se* filings liberally." Hebbe v. Pliler, 611 F. 3d 1201, 1205 (9th Cir. 2010). A
26 "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal
27 pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per*
28 *curiam*)); Haines v. Kerner, 404 U.S. 519 (1972).

A Motion to Dismiss for Failure to State a Claim is almost never appropriate after the complaint has been screened under 28 U.S.C. § 1915A(a) and is essentially a motion for reconsideration, which should be granted only in rare circumstances. See Defenders of Wildlife, 909 F. Supp. at 1351. Defendant has presented insufficient grounds for this Court to reconsider its ruling that Count I states a claim. The Court notes that Plaintiff alleged that the issues with the food were pursuant to policy set by Defendant. That is sufficient to allege personal involvement. See Ortez v. Washington County, Or., 88 F.3d 804, 809 (9th Cir. 1996). And, as stated, *pro se* pleadings are liberally construed. Hebbe, 611 F. 3d at 1205.

**IT IS ORDERED:**

(1) Defendant's Motion to Dismiss (Doc. 11) is **granted in part and denied in part** as follows:

    (a) **granted** to the extent that Count II is dismissed without prejudice for failure to exhaust administrative remedies; and

    (b) **denied** in all other respects.

(2) The remaining claim is Count I.

DATED this 2nd day of November, 2010.

G. Murray Snow
United States District Judge